<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

April 18, 2022

Michael Kalmus, Esq.
15 Boland Drive
West Orange, NJ, NJ 07052
*Counsel for Plaintiff Bart Doe*

Cherie L. Adams
Adams, Gutierrez & Lattiboudere, LLC
1037 Raymond Blvd.
Suite 900
Newark, NJ 07102
*Counsel for Defendant The City of Jersey City Board of Education*

## <u>LETTER OPINION FILED WITH THE CLERK OF THE COURT</u>

**Re:   Bart Doe v. The City of Jersey City Board of Education, et al.
        Civil Action No. 21-20223 (SDW) (MAH)**

Counsel:

Before this Court is Defendant The City of Jersey City Board of Education's ("Defendant") Motion to Vacate Default entered against it on February 8, 2022 (D.E. 10.)  This Court, having considered the parties' submissions, having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure ("Rule") 78, and for the reasons discussed below, grants Defendant's motion.  Further, because this Court grants Defendant's Motion, (D.E.10), Plaintiff's Motion for Default Judgment, (D.E. 8) is rendered moot and is therefore denied.

## <u>DISCUSSION</u>

  A.  <u>Standard of Review</u>

Rule 55(c) provides that a court may "set aside an entry of default for good cause . . . ." When determining whether to vacate a default, a court must consider:  "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (citing *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *Gross v. Stereo Component Systems, Inc.*, 700 F.2d 120, 122 (3d Cir. 1983); *Feliciano v. Reliant Tooling Co.*, 691

F.2d 653, 656 (3d Cir. 1982); *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)); *see also Mettle v. First Union Nat'l Bank*, 279 F. Supp. 2d 598 (D.N.J. 2003). "A decision to set aside the entry of default pursuant to Fed. R. Civ. P. 55(c) . . . is left primarily to the discretion of the district court." *$55,518.05 in U.S. Currency*, 728 F.2d at 194 (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Moreover, the Third Circuit "does not favor entry of defaults or default judgments," and prefers cases to be decided on the merits. *Id.* at 194–95.

    B.  <u>There is Good Cause to Vacate Entry of Default</u>

On November 24, 2021, Plaintiff filed a Complaint alleging that a teacher, "Mr. Fisher", in Defendant's district sexually abused Plaintiff in or about 1971 and 1972. (D.E. 1 at ¶ 1.) Plaintiff set forth several claims against Defendant, including Vicarious Liability (Respondent Superior); Negligence/Gross Negligence; Negligent Supervision and Training; and Negligent Retention. (D.E. 1 ¶¶ at 59–143.) Plaintiff requested relief including "compensatory damages, . . . . punitive damages, . . . interest and costs in an unspecified amount, plus costs, disbursements, reasonable attorneys' fees, interest, and any such other, different, or further legal, equitable, injunctive, or declaratory relief as the Court deems just, proper, or necessary." (D.E. 1 at 23.) On February 2, 2022, Plaintiff filed an Affidavit of Service confirming that Defendant was served a Summons and Complaint on December 9, 2021, and Defendant's answer was due on December 30, 2021. (D.E. 6.) On February 7, 2022, Plaintiff filed an Ex Parte Motion for Entry of Default. (D.E. 7.) After the Clerk of Court entered Default as to Defendant on February 8, 2022, Plaintiff filed a Motion for Default Judgment on February 10, 2022. (D.E. 8.) Defendant's counsel filed a Notice of Appearance, (D.E. 9), and a Motion to Vacate Default, (D.E. 10), on February 23, 2022. The parties then completed timely briefing on both Motions. (*See* D.E. 11, 12, 15, 16, 17.)

In support of the Motion to Vacate Default, Defendant's counsel notes that the Jersey City Board of Education ("JCBOE"), a public entity, forwarded the Summons and Complaint to its insurance carrier soon after being served, but the insurance carrier did not assign counsel until February 2, 2022. (D.E. 10-1 at 2.) Defendant's counsel then contacted Plaintiff's counsel to request an extension for time to answer, but the default had already been entered. (*Id.*) Defendant's counsel then contacted Plaintiff's counsel and requested consent to a proposed order to vacate the default, but Plaintiff's counsel declined. (*Id.*)

In opposition to the Motion to Vacate Default, Plaintiff's counsel confirms that Defendant's counsel reached out several times shortly after the Clerk's Entry of Default, but Plaintiff's counsel declined to consent to withdraw the Entry of Default or the pending Motion for Default Judgment. (D.E. 11 ¶¶ at 17–19.)

Given Rule 55's liberal standard, this Court is satisfied that there is good cause to vacate the entry of default against Defendant. First, Plaintiff will suffer no real prejudice if the order is vacated. As Defendant argues, Plaintiff may still pursue his claims, and the evidence—which pertains to events that allegedly occurred five decades ago—likely did not evanesce in the very brief time that Defendant's answer was delayed. Second, Defendant has articulated several defenses to Plaintiff's claims. Considering the significant passage of time between the alleged abuse and the filing of the claim, and the fact that even "Plaintiff is currently unable to recall Defendant Fisher's full name," (D.E. 1 at ¶ 7), Defendant will likely gather additional facts during

discovery to further support its meritorious defenses. Finally, although Defendant clearly did not meet the required deadline for answering the Complaint, there is no evidence that Defendant committed culpable conduct by sending the Complaint to its insurance company and awaiting assignment of counsel. Counsel for both parties agree that shortly after Defendant's counsel was appointed by its insurer, counsel reached out to Plaintiff's counsel to request the professional courtesy of additional time to answer, which is not evidence of bad faith, but is rather a relatively common occurrence. The procedure Defendant follows in response to summonses can surely be improved upon so that any future summonses can be addressed in a timely manner by counsel. Nevertheless, Plaintiff has put forth zero evidence that Defendant acted willfully to ignore the Summons and Complaint, and Defendant has established that it took steps to secure counsel and address the Summons and Complaint.

In sum, there is good cause for this Court to vacate the Entry of Default. Plaintiff has not been prejudiced by Defendant's minor delay in answering the Complaint, Defendant has put forth adequate meritorious defenses, and there is no evidence of culpable conduct or bad faith by Defendant. Therefore, in accordance with this Court's preference for adjudicating claims on the merits, the circumstances support granting Defendant's motion. *See $55,518.05 in U.S. Currency*, 728 F.2d at 194–95. Because the Entry of Default is vacated, Plaintiff's Motion to Enter Default Judgment is denied as moot.

### **CONCLUSION**

For the reasons set forth above, Defendant's Motion to Vacate, (D.E. 10), is **GRANTED**. Plaintiff's Motion to Enter Default Judgment, (D.E. 8), is **DENIED**. The Court grants Defendant twenty (20) days from the filing of this Order to file an answer, motion, or other responsive pleading. An appropriate order follows.

          /s/ Susan D. Wigenton  
      **SUSAN D. WIGENTON, U.S.D.J.**

Orig: Clerk  
cc: Parties  
     Michael A. Hammer, U.S.M.J.